UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| THE GREAT HILL COOPERATIVE HOMEOWNERS CORPORATION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| vs. | : CIVIL ACTION NO. 04-12455-RWZ <br> : |
| CENTRAL SPRINKLER COMPANY | : <br> : |
| and | : <br> : |
| TYCO INTERNATIONAL (US) INC., | : <br> : |
| Defendants. | : <br> : |

**ANSWER AND JURY DEMAND OF CENTRAL
<u>SPRINKLER COMPANY TO PLAINTIFF'S COMPLAINT</u>**

For its answer to Plaintiff's Complaint, Defendant Central Sprinkler Company states:

**I.  PARTIES**

1. Defendant admits the averments contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the averments contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits Tyco International (US) Inc. is a Nevada corporation which maintains its principal place of business in Princeton, New Jersey, is a registered foreign corporation in the Commonwealth of Massachusetts and admits the averments pertaining to the

registered agent.  Defendant denies each and every remaining averment contained in paragraph 3 of Plaintiff's Complaint.

## II.  BACKGROUND

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiff's Complaint, and therefore, denies the averments.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint, and therefore, denies the averments.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint, and therefore, denies the averments.

7. Defendant denies the subject sprinkler heads were faulty, defective, or caused damage as averred in paragraph 7 of Plaintiff's Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 7 of Plaintiff's Complaint, and therefore, denies the averments.

8. Defendant denies each and every averment contained in paragraph 8 of Plaintiff's Complaint.

9. The averments contained in paragraph 9 of Plaintiff's Complaint are denied as stated.  Defendant admits that certain automatic sprinklers were the subject of a voluntary replacement program or "VRP".  Defendant denies any characterization of the VRP which being in writing speaks for itself.  Defendant demands strict proof at the trial of this matter regarding Plaintiff's allegations that the 19 buildings at Great Hill have been installed with

automatic sprinklers subject to the VRP. Defendant denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

## COUNT I
## BREACH OF WARRANTY

10. In response to paragraph 10 of Plaintiff's Complaint, Defendant restates and re-avers its responses to paragraphs 1 through 9 of Plaintiff's Complaint as if fully set forth in this paragraph.

11. Defendant denies each and every averment contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant denies each and every averment contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies each and every averment contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies each and every averment contained in paragraph 14 of Plaintiff's Complaint.

## COUNT II
## DECLARATION OF RIGHTS

15. In response to paragraph 15 of Plaintiff's Complaint, Defendant restates and re-avers its responses to paragraphs 1 through 14 of Plaintiff's Complaint as if fully set forth in this paragraph.

16. Defendant admits the averments contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies Plaintiff's demands set forth in its WHEREFORE clause following Count II of Plaintiff's Complaint, including subparagraphs 1 through 4.

18. Defendant denies each and every averment contained in Plaintiff's Complaint not specifically admitted in this Answer.

**AFFIRMATIVE DEFENSES**

Defendant Central Sprinkler Company hereby further answers Plaintiff's Complaint and asserts its affirmative defenses as follows:

FIRST DEFENSE
(Intervening, Superseding Cause)

1. If Plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening, superseding cause or causes leading to these alleged injuries, and, therefore, any action on the part of Defendant was not the proximate or competent producing cause of the alleged injuries.

SECOND DEFENSE
(Causation by Third Parties)

2. If Plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct or omissions of one or more third persons or entities for whose conduct or omissions Defendant is not responsible or with whom Defendant has no legal relation, and was not caused by the conduct or omissions of Defendant.

THIRD DEFENSE
(Failure to Join Necessary Parties)

3. Plaintiff has failed to join all parties necessary for a complete adjudication of Plaintiff's claims.

FOURTH DEFENSE
(Proximate Cause)

4. No act or omission of Defendant proximately caused any injury or damage that Plaintiff alleges to have suffered.

## FIFTH DEFENSE
(Alleged Product Was Merchantable and Reasonably Suited to Use Intended/Condition of Product Was Not Proximate Cause of Injury)

5. The sprinkler heads manufactured, distributed or sold by Defendant were merchantable and reasonably suited to the use intended and their condition, when sold, was not the proximate cause of any alleged injury to Plaintiff.

## SIXTH DEFENSE
(No Breach of Warranty)

6. Defendant did not breach any express warranties; Defendant did not breach any implied warranty of merchantability; Defendant did not breach any implied warranty of fitness for a particular purpose; and Defendant did not violate the Massachusetts Uniform Commercial Code, G.L. c. 106.

## SEVENTH DEFENSE
(Lack of Timely Notice)

7. All claims of breach of express and/or implied warranty by Plaintiff in its Complaint are barred because Plaintiff failed to provide timely notice to Defendant of the alleged breach of warranty and Defendant has been prejudiced by those failures.

## EIGHTH DEFENSE
(Failure to Comply With Terms of Warranty)

8. All claims of breach of express warranty by Plaintiff in its Complaint are barred because Plaintiff did not comply with the terms of the express warranty and is seeking remedies greater than those provided within the express warranty.

## NINTH DEFENSE
(No Opportunity to Cure)

9. All claims of breach of express warranty by Plaintiff in its Complaint are barred because Plaintiff did not allow Defendant sufficient and reasonable opportunity to cure

any alleged defects, make any necessary repairs, if indeed such repairs were necessary, and, therefore, Defendant is relieved of any obligation or liability arising from that alleged warranty.

## TENTH DEFENSE
(Disclaimer of Express Warranty)

10. All claims of breach of express warranty by Plaintiff in its Complaint are barred because Defendant's "Terms and Conditions" of sale and other sales materials conspicuously and expressly disclaim all express warranties in accordance with the Massachusetts G.L. c. 106.

## ELEVENTH DEFENSE
(Disclaimer of Implied Warranty)

11. All claims of breach of express warranty by Plaintiff in its Complaint are barred because Defendant's "Terms and Conditions" of sale and other sales materials conspicuously and expressly disclaim all implied warranties in accordance with the Massachusetts G.L. c. 106.

## TWELFTH DEFENSE
(Disclaimer, Exclusion and Modification of Express Warranty)

12. Any alleged express warranties were properly disclaimed, excluded or modified, including but not limited to by course of dealing or course of performance or usage of trade.

## THIRTEENTH DEFENSE
(Modification, Alteration and Changes to the Product)

13. The Complaint and each and every purported cause of action stated therein, is barred because the damages allegedly suffered by Plaintiff, if any, were directly and proximately caused by post-distribution modification, alteration or other changes in the products allegedly supplied by Defendant. Such post-distribution modification or other changes in the products allegedly supplied by Defendant were not performed or approved by Defendant.

Accordingly, Plaintiff is barred from recovering damages, if any, from Defendant as a result of the unauthorized post-distribution modification, alteration or other changes in the products allegedly supplied by Defendant.

## FOURTEENTH DEFENSE
(Contributory Negligence)

14. The negligence of Plaintiff, which was greater than the total amount of alleged negligence attributable to Defendant, was the proximate cause of Plaintiff's alleged injuries, and is a complete bar to Plaintiff's recovery, pursuant to Massachusetts G.L. c. 231, §85.

## FIFTEENTH DEFENSE
(Comparative Negligence)

15. If the negligence of Plaintiff is found to be less than the total amount of alleged negligence attributable to Defendant, then Plaintiff's damages shall be diminished in proportion to the amount of negligence attributable to Plaintiff, pursuant to Massachusetts G.L. c. 231, §85.

## SIXTEENTH DEFENSE
(Improper Use of Product)

16. If a product manufactured by Defendant was involved in the injuries claimed by Plaintiff, which is denied, then the use of the product was improper, not in accordance with prescribed, correct procedures, and/or in a reasonably foreseeable way. Accordingly, the product was abused, misused and applied for purposes other than those which were indicated or intended by Defendant.

## SEVENTEENTH DEFENSE
(Mitigation of Damages)

17. Plaintiff has failed to mitigate its damages, if any.

### EIGHTEENTH DEFENSE
(Statute of Limitations and Statute of Repose)

18. Defendant states the causes of action allegedly set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations or statute of repose, or both.

### NINETEENTH DEFENSE
(Laches)

19. Defendant states the cause or causes of action allegedly set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

### TWENTIETH DEFENSE
(Res Judicata)

20. Defendant states the cause or causes of action allegedly set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of res judicata.

### TWENTY-FIRST DEFENSE
(No Breach of Duty)

21. The Complaint, and each and every purported cause of action stated therein, is barred because Defendant did not violate any duty owed to Plaintiff under the common law, by statute or otherwise.

### TWENTY-SECOND DEFENSE
(Failure to State Claim)

22. Plaintiff's Complaint fails to state a claim for relief against Defendant upon which relief can be granted.

## TWENTY-THIRD DEFENSE
(Failure to Comply With NFPA Standards)

23. The Complaint, and each and every purported cause of action stated therein, is barred because Plaintiff, its contractors, subcontractors, employees, and agents, and each of them failed to follow the National Fire Protection Association ("NFPA") standards in connection with the design, installation, testing, and maintenance of the subject fire suppression system.

## TWENTY-FOURTH DEFENSE
(Requirements of Applicable National, State, and Local Building and Fire Codes)

24. Defendant relies upon the requirements and guidelines of all applicable national, state, and local building and fire codes as amended and as enforced by all local authorities having jurisdiction.

## TWENTY-FIFTH DEFENSE
(Payment/Release/Waiver)

25. Defendant states the cause or causes of action allegedly set forth in the Complaint were at the time of the filing of this action and are now barred because of payment, release and/or waiver.

## TWENTY-SIXTH DEFENSE
(Limitation on Consequential Damages)

26. Plaintiff's consequential damages, if any, have been limited or excluded in accordance with Massachusetts G.L. c. 106, Section 2-719(3).

## TWENTY-SEVENTH DEFENSE
(Economic Loss Doctrine)

27. Plaintiff's claim is barred or subject to reduction in whole or in part because of the economic loss doctrine.

## TWENTY-EIGHTH DEFENSE
(Reservation of Other Defenses)

28.    Defendant states it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.

WHEREFORE, Defendant demands that this Court enter judgment against the Plaintiff, The Great Hill Cooperative Homeowners Corporation, and:

a) Dismiss Plaintiff's Complaint and enter judgment for Defendant;

b) Order the Plaintiff, The Great Hill Cooperative Homeowners Corporation, to pay to Defendant its costs incurred in defending this action;

c) Order the Plaintiff, The Great Hill Cooperative Homeowners Corporation, to pay to Defendant its reasonable attorneys' fees incurred in defending against this action; and

d) Order such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendant Central Sprinkler Company hereby claims a trial by jury on all counts of the Complaint of Plaintiff, The Great Hill Cooperative Homeowners Corporation.

    Respectfully submitted,
    CENTRAL SPRINKLER COMPANY
    by its attorney,

    /s/
    Matthew J. Walko (BBO. No. 562172)
    SMITH & DUGGAN LLP
    Two Center Plaza, Suite 620
    Boston, Massachusetts 02108-1906
    (617) 228-4400

Dated: November 24, 2004

## **CERTIFICATE OF SERVICE**

       I hereby certify pursuant to Fed. R. Civ. P. 5 that a true copy of this Answer was served upon counsel of record for all adverse parties by first class mail, postage prepaid on this the 24th day of November, 2004, as follows:

Thomas J. Barrett, Esq.
314 Essex Street
Salem, Massachusetts 01970

/s/_____
Matthew J. Walko
BBO. No. 562172