**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE GREAT HILL COOPERATIVE HOMEOWNERS CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 04-12455-RWZ |
| | : | |
| CENTRAL SPRINKLER COMPANY | : | |
| | : | |
| and | : | |
| | : | |
| TYCO INTERNATIONAL (US) INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ANSWER AND JURY DEMAND OF TYCO**
**INTERNATIONAL (US) INC. TO PLAINTIFF'S COMPLAINT**

For its answer to Plaintiff's Complaint, Defendant Tyco International (US) Inc. states:

**I.  PARTIES**

1.    Defendant admits the averments contained in paragraph 1 of Plaintiff's Complaint.

2.    Defendant admits the averments contained in paragraph 2 of Plaintiff's Complaint.

3.    Defendant admits it is a Nevada corporation, maintains its principal place of business in Princeton, New Jersey, is a registered foreign corporation in the Commonwealth of Massachusetts, and admits the averments pertaining to its registered agent.  Defendant denies each and every remaining averment contained in paragraph 3 of Plaintiff's Complaint.

## II. BACKGROUND

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiff's Complaint, and therefore, denies the averments.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint, and therefore, denies the averments.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Complaint, and therefore, denies the averments.

7.      Defendant denies the subject sprinkler heads were faulty, defective, or caused damage as averred in paragraph 7 of Plaintiff's Complaint.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 7 of Plaintiff's Complaint, and therefore, denies the averments.

8.      Defendant denies each and every averment contained in paragraph 8 of Plaintiff's Complaint.

9.      The averments contained in paragraph 9 of Plaintiff's Complaint are denied as stated.  Defendant admits that certain automatic sprinklers were the subject of a voluntary replacement program or "VRP".  Defendant denies any characterization of the VRP which being in writing speaks for itself.  Defendant demands strict proof at the trial of this matter regarding Plaintiff's allegations that the 19 buildings at Great Hill have been installed with automatic sprinklers subject to the VRP.  Defendant denies the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

## COUNT I
## BREACH OF WARRANTY

10.     In response to paragraph 10 of Plaintiff's Complaint, Defendant restates and re-avers its responses to paragraphs 1 through 9 of Plaintiff's Complaint as if fully set forth in this paragraph.

11.     Defendant denies each and every averment contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies each and every averment contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies each and every averment contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies each and every averment contained in paragraph 14 of Plaintiff's Complaint.

## COUNT II
## DECLARATION OF RIGHTS

15.     In response to paragraph 15 of Plaintiff's Complaint, Defendant restates and re-avers its responses to paragraphs 1 through 14 of Plaintiff's Complaint as if fully set forth in this paragraph.

16.     Defendant admits the averments contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies Plaintiff's demands set forth in its WHEREFORE clause following Count II of Plaintiff's Complaint, including subparagraphs 1 through 4.

18.     Defendant denies each and every averment contained in Plaintiff's Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

Defendant Tyco International (US) Inc. hereby further answers Plaintiff's Complaint and asserts its affirmative defenses as follows:

### FIRST DEFENSE
(Tyco International (US), Inc. Not Parent Corporation of Central Sprinkler Company)

1.    Defendant Tyco International (US) Inc. is not the parent corporation of Defendant Central Sprinkler Company.

### SECOND DEFENSE
(No Joint and Several Liability)

2.    Defendant Tyco International (US) Inc. is not jointly and severally liable with Defendant Central Sprinkler Company for any cause of action alleged by Plaintiff.

### THIRD DEFENSE
(No Design, Manufacture, Sale or Distribution)

3.    Defendant Tyco International (US) Inc. did not design, manufacture, sell, distribute or otherwise place into commerce automatic fire suppression devices, including sprinkler heads.

### FOURTH DEFENSE
(No Design, Manufacture, Sale or Distribution of Sprinklers Installed at Plaintiff's Property)

4.    Defendant Tyco International (US) Inc. did not design, manufacture, sell, distribute or otherwise place into commerce the automatic sprinklers installed at Plaintiff's property.

### FIFTH DEFENSE
(No Design, Fabrication or Installation of Fire Suppression Systems in Buildings or Otherwise)

5.    Defendant Tyco International (US) Inc. does not design, fabricate or install automatic fire suppression systems in buildings or otherwise.

## SIXTH DEFENSE
(No Design, Fabrication or Installation of Fire Suppression Systems at Plaintiff's Property)

6.      Defendant Tyco International (US) Inc. did not design, fabricate or install automatic fire suppression systems installed at Plaintiff's property.

## SEVENTH DEFENSE
(Intervening, Superseding Cause)

7.      If Plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening, superseding cause or causes leading to these alleged injuries, and, therefore, any action on the part of Defendant was not the proximate or competent producing cause of the alleged injuries.

## EIGHTH DEFENSE
(Causation by Third Parties)

8.      If Plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct or omissions of one or more third persons or entities for whose conduct or omissions Defendant is not responsible or with whom Defendant has no legal relation, and was not caused by the conduct or omissions of Defendant.

## NINTH DEFENSE
(Failure to Join Necessary Parties)

9.      Plaintiff has failed to join all parties necessary for a complete adjudication of Plaintiff's claims.

## TENTH DEFENSE
(Proximate Cause)

10.      No act or omission of Defendant proximately caused any injury or damage that Plaintiff alleges to have suffered.

5

### ELEVENTH DEFENSE
(Contributory Negligence)

11.     The negligence of Plaintiff, which was greater than the total amount of alleged negligence attributable to Defendant, was the proximate cause of Plaintiff's alleged injuries, and is a complete bar to Plaintiff's recovery, pursuant to Massachusetts G.L. c. 231, §85.

### TWELFTH DEFENSE
(Comparative Negligence)

12.     If the negligence of Plaintiff is found to be less than the total amount of alleged negligence attributable to Defendant, then Plaintiff's damages shall be diminished in proportion to the amount of negligence attributable to Plaintiff, pursuant to Massachusetts G.L. c. 231, §85.

### THIRTEENTH DEFENSE
(Mitigation of Damages)

13.     Plaintiff has failed to mitigate its damages, if any.

### FOURTEENTH DEFENSE
(Statute of Limitations and Statute of Repose)

14.     Defendant states the causes of action allegedly set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations or statute of repose, or both.

### FIFTEENTH DEFENSE
(Laches)

15.     Defendant states the cause or causes of action allegedly set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

## SIXTEENTH DEFENSE
(No Breach of Duty)

16.     The Complaint, and each and every purported cause of action stated therein, is barred because Defendant did not violate any duty owed to Plaintiff under the common law, by statute or otherwise.

## SEVENTEENTH DEFENSE
(Failure to State Claim)

17.     Plaintiff's Complaint fails to state a claim for relief against Defendant upon which relief can be granted.

## EIGHTEENTH DEFENSE
(Failure to Comply With NFPA Standards)

18.     The Complaint, and each and every purported cause of action stated therein, is barred because Plaintiff, its contractors, subcontractors, employees, and agents, and each of them failed to follow the National Fire Protection Association ("NFPA") standards in connection with the design, installation, testing, and maintenance of the subject fire suppression system.

## NINETEENTH DEFENSE
(Requirements of Applicable National, State, and Local Building and Fire Codes)

19.     Defendant relies upon the requirements and guidelines of all applicable national, state, and local building and fire codes as amended and as enforced by all local authorities having jurisdiction.

## TWENTIETH DEFENSE
(Payment/Release/Waiver)

20.     Defendant states the cause or causes of action allegedly set forth in the Complaint were at the time of the filing of this action and are now barred because of payment, release and/or waiver.

### TWENTY-FIRST DEFENSE
(Limitation on Consequential Damages)

21.     Plaintiff's consequential damages, if any, have been limited or excluded in accordance with Massachusetts G.L. c. 106, Section 2-719(3).

### TWENTY-SECOND DEFENSE
(Economic Loss Doctrine)

22.     Plaintiff's claim is barred or subject to reduction in whole or in part because of the economic loss doctrine.

### TWENTY-THIRD DEFENSE
(Reservation of Other Defenses)

23.     Defendant states it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.


WHEREFORE, Defendant demands that this Court enter judgment against the Plaintiff, The Great Hill Cooperative Homeowners Corporation, and:

a)     Dismiss Plaintiff's Complaint and enter judgment for Defendant;

b)     Order the Plaintiff, The Great Hill Cooperative Homeowners Corporation, to pay to Defendant its costs incurred in defending this action;

c)     Order the Plaintiff, The Great Hill Cooperative Homeowners Corporation, to pay to Defendant its reasonable attorneys' fees incurred in defending against this action; and

d)     Order such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Defendant Tyco International (US) Inc. hereby claims a trial by jury on all counts

of the Complaint of Plaintiff, The Great Hill Cooperative Homeowners Corporation.

Respectfully submitted,

TYCO INTERNATIONAL (US) INC.

by its attorney,

/s/
Matthew J. Walko (BBO. No. 562172)
SMITH & DUGGAN LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906
(617) 228-4400


Dated:  November 24, 2004

**CERTIFICATE OF SERVICE**

        I hereby certify pursuant to Fed. R. Civ. P. 5 that a true copy of this Answer was served upon counsel of record for all adverse parties by first class mail, postage prepaid on this the 24th day of November, 2004, as follows:

Thomas J. Barrett, Esq.
314 Essex Street
Salem, Massachusetts 01970

/s/_____
Matthew J. Walko
BBO. No. 562172