**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| **THE GREAT HILL COOPERATIVE** <br> **HOMEOWNERS CORPORATION,** ) ) ) <br> **Plaintiff,** ) <br> **v.** ) <br> ) <br> **CENTRAL SPRINKLER COMPANY** ) <br> ) <br> **Defendant.** ) | **Civil Action No. 04-12455-RWZ** |

## STIPULATION REGARDING CONFIDENTIALITY

Plaintiff, The Great Hills Cooperative Homeowners Association ("Plaintiff"), and Defendant, Central Sprinkler Company ("Central"), by and through their undersigned attorneys, hereby stipulate and agree:

1.  The parties anticipate that discovery in this matter will include production or disclosure of documents and other information which constitutes trade secrets and/or other confidential research, development, or commercial, financial, and proprietary information, including, but not limited to:  design, engineering, manufacturing, inspection, testing, and installation information, as well as supplier, customer and other nonpublic financial information relating to and/or referencing Central Sprinkler Heads ("Protected Material").

2.   Central has a cognizable interest in maintaining the secrecy of the Protected Material.

3.  The parties claim a need for the Protected Material in their respective prosecution and defense of this action, and that this need can be balanced against public disclosure by limiting the persons who will have access to the Protected

Approved
Ryan ? Zilef.)
1/13/05

Material and the use to which those persons may put the Protected Material as provided herein.

4.    The parties shall have the right to designate as CONFIDENTIAL any document or other item relevant to this litigation, including without limitation Answers to Interrogatories, Responses to Requests for Production of Documents, Answers to Requests for Admission, and any portion of deposition testimony or other testimony by a witness.

5.    Such documents or other tangible items must be designated by conspicuously stamping the words "CONFIDENTIAL" on each page of the designated material or by notifying the other party in writing of the material to be considered so designated. With regard to testimony, a party may designate portions of the record CONFIDENTIAL by notifying the other party on the record at the deposition or in writing no later than ten (10) days after the transcript is received.

6.    Information designated "CONFIDENTIAL" shall not be disclosed or disseminated to anyone, except:

   a.        a party, counsel for any party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

   b.        any expert engaged by a party for the purpose of assisting in the preparation of this litigation, provided, however, that no CONFIDENTIAL information shall be disseminated to any expert who is employed by a direct business competitor of Central or its affiliates; or

   c.        any person who was involved in the preparation of the document or information; or

   d.        any other person, entity, or firm with the prior written consent of all parties.

7.    Any party that provides documents or other discovery, obtained from the other party in the course of this litigation that has been designated as "CONFIDENTIAL", to any person (other than the Court, court personnel, and court reporters) will first obtain from such person, prior to any such dissemination, a written statement in the form attached as Exhibit "A" hereto, that such person agrees to be bound by this Stipulation. The Parties shall maintain a list of all persons to whom they have provided such documents along with the written agreement of each person. Upon request of any party at any time, counsel in possession of the written agreements shall immediately either: (a) provide copies of the written agreements to the requesting party; or (b) submit the written agreements to the Court to determine whether any aspects of the written agreements are protected from discovery by any privilege.

8.    Subject to the provisions of Local Rule 7.2, when any document or information designated "CONFIDENTIAL" or other pleadings or papers disclosing or referring to such information are used in connection with any motion, hearing, filing or other submission to the Court, they shall be filed in an envelope under seal pursuant to the rules of this Court and shall be marked as follows:

CONFIDENTIAL/RESTRICTED:

The contents of this envelope are not to be revealed to anyone except the Court, or with the prior consent of all the parties herein, or pursuant to any other Order of this Court. If the contents are thus revealed, they shall thereafter be resealed.

9.    Nothing in this Agreement shall preclude any party from challenging a designation of "CONFIDENTIAL" by another party. If any party elects to challenge a designation of any document, deposition testimony, or information pursuant to this

order, that party must provide at least ten days advance notice to afford the designating party an opportunity to remove voluntarily such designation.

a.          If, after the ten-day period, the designating party has not agreed to remove the designation and the parties are otherwise unable to resolve the challenge to the designation, the challenging and designating parties shall contact the Court for a determination of whether the challenged designation is appropriate.  The challenging party shall provide the Court with one copy of each document, response, or portion of transcript challenged.  The designating party has the burden of proving the applicability and/or correctness of any designation.

b.          If the challenge is not resolved by agreement, or by voluntary removal, and if the Court is not contacted, then the designation shall remain in effect and shall continue to apply to such document or information.

10.     All documents and other discovery produced or obtained in the course of this litigation, whether designated "CONFIDENTIAL" or not, shall be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose.  "For purposes of preparation and trial of this action," as used in this Stipulation, means that individuals obtaining access to discovery:  (i) can read and review such discovery to become knowledgeable about this litigation; and (ii) can comment on such discovery to counsel for the parties if they so choose.  All other uses, including but not limited to (1) making such discovery available to any

person who has not signed Exhibit "A" hereto and (2) causing such discovery to be published in any trade journal, newspaper, or other written publication other than filings with this Court connected with this litigation, shall fall outside the definition of "For purposes of preparation for and trial of this action." Nothing in this Stipulation shall preclude persons wishing to use discovery from this litigation for purposes other than "For purposes of preparation for and trial of this action" from moving this Court, upon reasonable notice to the parties and, if applicable, the non-party who originally provided the documents, for appropriate relief.

11.    Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Stipulation shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Stipulation constitute a waiver of any right to seek relief from the Court from any and all of the provisions hereof or other modifications of the terms hereof. This Stipulation shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

12.    Within thirty (30) days of the close of this litigation for any reason, each party shall retrieve all copies of materials designated "CONFIDENTIAL" from their own files, and shall do one of the following: (1) return to the designating party all such materials, including all copies thereof, produced by such designating party during this action; or (2) certify in writing to the designating party that all materials designated "CONFIDENTIAL" produced by such other party during this action have been destroyed. Also within thirty (30) days of the close of this litigation for any

reason, each party shall, with respect to materials designated "CONFIDENTIAL" that was provided to experts or other persons consistent with this Stipulation, do one of the following: (1) retrieve from said experts or other persons to whom the party has provided such materials all the materials designated "CONFIDENTIAL" and return same to the designating party, including all copies thereof, produced by such designating party during this action; or (2) obtain from said experts or other persons to whom the party has provided materials designated "CONFIDENTIAL" a certification in writing from the experts or other persons that all materials designated "CONFIDENTIAL" produced by such other party during this action have been destroyed. All material protected by this Stipulation which has been placed in any computer databank, hard drive, disk and/or other media shall be completely erased, and any documents listing or summarizing information protected by this Stipulation shall be destroyed within the same period.

13.    Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in or the trial of this action.

14.    Nothing herein shall be construed to change, waive, or otherwise limit the confidentiality restrictions placed on certain information as a result of government regulations, rules, guidelines, and/or contractual agreements.

15.    The terms of this Stipulation shall take full force and effect as a private agreement upon execution by the parties.  The terms of this Stipulation shall take full force and effect as part of the record in this proceeding upon approval from the Court.

16.    The parties' obligations hereunder to maintain the secrecy of the Protected

Material and those materials designated as "CONFIDENTIAL" shall survive any

disposition or resolution of this proceeding.


/s/ _____
Thomas J. Barrett, Esq.
BBO No. 030960
314 Essex Street
Salem, Massachusetts  01970


Dated: __1-5-05_____

/s/  Matthew J. Walko_____
Matthew J. Walko
BBO. No. 562172
SMITH & DUGGAN LLP
Two Center Plaza, Suite 620
Boston, Massachusetts 02108-1906

Dated: December 30, 2004

## EXHIBIT "A" TO STIPULATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | | |
|---|---|---|
| THE GREAT HILL COOPERATIVE HOMEOWNERS CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-12455-RWZ |
| CENTRAL SPRINKLER COMPANY | ) ) ) | |
| Defendant. | ) | |

I hereby certify that I have read the Stipulation Regarding Confidentiality in the above-captioned litigation.  I hereby agree to be bound by the terms of the Stipulation Regarding Confidentiality and to submit personally to the jurisdiction of the above court for purposes of enforcing my agreement to be bound by the terms of the Stipulation Regarding Confidentiality.

I hereby agree that I will use any documents or other discovery produced or provided by a party in the above-captioned litigation for the sole and limited purposes of preparation for and trial of the above-captioned litigation and return or destroy such documents or discovery as provided in the Stipulation Regarding Confidentiality.

Date: _____          Signature:_____

_____
[Print Name and Title below Signature]

_____
[Print Address]

_____
[Print Phone Number]