UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| THE GREAT HILL COOPERATIVE HOMEOWNERS CORPORATION, : : : Plaintiff, : : vs. : CIVIL ACTION NO. 04-12455-RWZ : CENTRAL SPRINKLER COMPANY, : : Defendant. : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO AMEND THE SCHEDULING ORDER**

**I.     INTRODUCTION**

The defendant Central Sprinkler Company ("Central") submits this memorandum in support of Defendant's Motion To Amend The Scheduling Order.  Central requests that the Court amend and extend interim scheduling order deadlines by ninety days, or by such other fair and reasonable time as the Court deems just and proper, with respect to the date by which (a) motions to join parties or add third-party defendants should be served and (b) depositions of the sprinkler installer, maintenance and repair contractors are to be completed.  Fed. R. Civ. P. 6(b) and 16(b); L.R. 26.2(B).  For the reasons set forth in this memorandum and in its motion, Central respectfully requests that its motion be allowed.

**II.     BACKGROUND**

The plaintiff The Great Hill Cooperative Homeowners Corporation (Great Hill) commenced this action on November 2, 2004 in Essex Superior Court seeking a declaratory

judgment and monetary damages against Central and another party[1] for an alleged breach of express or implied warranties with respect to the sale of certain fire protection sprinkler heads. The defendants removed the action to this Court on November 19, 2005. Central answered the complaint and on December 30, 2004 served its initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1). The parties also entered into a stipulation regarding the use and disclosure of confidential business information that this Court approved at the Rule 16 Initial Scheduling Conference held on January 13, 2005.

At the Initial Scheduling Conference, as reflected in the Local Rule 16.1 Joint Statement of the Parties, Central and Great Hill proposed a phased discovery plan with the first phase being dedicated to the discovery needed to fairly asses the case for mediation expected to be completed by mid-May 2005. This Court adopted the parties' discovery plan through April 29, 2005, and noticed a further scheduling conference for May 4, 2005 at 2:30 p.m. in Courtroom 12. Under this plan, Great Hill was to follow Central's Rule 26(a)(1) disclosures with those of its own on January 24, 2005. It has yet to do so. Nevertheless, on January 21, 2005, Central with the cooperation of Great Hill conducted an initial on-site inspection of common areas, valve rooms and representative units at the Great Hill complex with counsel, a Central representative and Central's expert fire protection consultant as contemplated by the plan. The next step of the plan required written discovery concerning damages, the identity of sprinkler installers, and the identity of maintenance and repair contractors to be served by January 28, 2005, while written discovery concerning other potential defendants was to be served by March 11, 2005. Central timely served its requests for production of documents and interrogatories as to both topics on

---

[1] Tyco International (US) Inc., originally named by Great Hill as a defendant, has since been dismissed without prejudice by stipulation on or about January 13, 2005. Fed. R. Civ. P. 41(a)(1).

January 28, 2005, while Great Hill has not served written discovery as to either. March 11th also was the deadline by which Great Hill was to answer to Central's discovery requests. For various reasons, including apparently the temporary absence of important individuals of the cooperative from the state, Great Hill has not yet been able to provide its initial disclosures or respond to Central's document requests or interrogatories. It is Central's understanding based on discussions with Great Hill's counsel that Great Hill's responses are be expected shortly after completion of a two week trial in which Great Hill's counsel is currently engaged. On March 8th, counsel for the parties and Central's expert participated in a settlement conference discussing a number of the issues and defenses revealed by the inspection and the contours of a potential resolution. Central followed up on those discussions with a settlement proposal in writing on March 18th, to which Great Hill is expected to reply. Central also has provided Great Hill with a CD Rom of Central Sprinkler Company's Omega Sprinkler Document Repository that is subject to the Court's stipulated confidentiality order.

**III.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 16 provides in part that a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Additionally, under Rule 6(b), the court for "cause shown" may order a deadline enlarged if a request is made for an extention of time before the expiration of the period originally prescribed or ordered by the court. Fed. R. Civ. P. 6(b). The good cause standard is a familiar one to the Federal Rules and appears not only in the scheduling order context but a number of others as well. See Fed. R. Civ. P. 55(c) (relief from default); Fed. R. App. P. 4(a)(5) (extension of time to appeal); Fed. R. App. P. 26(b) (standard for extending other deadlines). "[G]ood cause 'is a mutable **[**17]** standard, varying from

situation to situation." United States v. Roberts, 978 F.2d 17, 22 (1st Cir. 1992) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)).  "This standard is 'a liberal one." United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164 (1st Cir. 2004) (quoting Coon v. Grenier, 867 F.2d at 76).  Although good cause to modify a scheduling order can be found lacking where a party treats a deadline with "indifference" or with cavalier disregard, see O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154-55 (1st Cir. 2004), Rule 16(b) contemplates that parties occasionally will be unable to meet scheduling order deadlines, especially those established relatively early in the litigation.  See Fed. R. Civ. P. 16(b) Advisory Committee Notes to 1983 Amendment.  Consequently, Rule 16(b)'s "good cause" standard emphasizes an examination of a moving party's diligence, but factors such as prejudice, although relevant, are "not the dominant criterion."  O'Connell, 357 F.3d at 155 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

**IV.    CENTRAL CANNOT REASONABLY MEET THE DEADLINE TO JOIN PARTIES OR CONDUCT MEANINGFUL DEPOSITIONS OF CONTRACTORS BECAUSE OF ITS ADVERSARY'S DELAY IN PROVIDING IT WITH ESSENTIAL DISCOVERY**

Here, Great Hill's failure to provide Central with any documents or specific damages information, whether as part of its initial disclosure obligation or in response to Central's Rule 34 requests, combined with its failure to answer any of Central's interrogatories has undermined the justification for the current discovery timetable.   Moreover, Great Hill's delay in producing this essential information prevents Central from undertaking a fair analysis of the issues that need to be addressed before any third-party can be joined or pertinent contractor witnesses identified and deposed.  Central has been diligent in meeting the deadlines imposed upon it under the discovery plan, but has been put at a distinct disadvantage by circumstances beyond its control.  Central has

continued to work with Great Hill in good faith to resolve discovery issues, but it would be contrary to fairness and the interests of justice to chasten it now for its patience.

Furthermore, Central has made a comprehensive proposal to Great Hill for the voluntary resolution of this action to which it is still awaiting a response. It would seem contrary to the intent of the Scheduling Order to require the needless expenditure of litigation costs before Great Hill can ready a response. As a cooperative association, Great Hill apparently has had some difficulty in convening the relevant decision makers to respond to the latest proposal. An extension of the deadlines to join parties and to depose installation, maintenance and construction contractors would preserve the status quo and allow the parties the best chance to resolve their dispute without further litigation.

## V.   CONCLUSION

For these reasons and those set forth in the defendant's motion, Central Sprinkler Company requests that the Court amend and extend by ninety days, or by such other fair and reasonable time as the Court deems just and proper at the further scheduling conference now set for May 4, 2005 at 2:30 p.m. in Courtroom 12, the Scheduling Order deadlines by which (a) motions to join parties or add third-party defendants should be served and (b) depositions of the sprinkler installer, maintenance and repair contractors are to be completed.

          RESPECTFULLY SUBMITTED,
          Central Sprinkler Company
          by its attorney,

          */s/ Matthew J. Walko*
          Matthew J. Walko (BBO No. 562172)
          SMITH & DUGGAN LLP
          Two Center Plaza, Suite 620
          Boston, Massachusetts 02108-1906
          (617) 228-4400

Dated: March 31, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that pursuant to Fed. R. Civ. P. 5 that a true copy of the foregoing Defendant's Motion To Amend the Scheduling Order and accompanying memorandum was served upon counsel of record for all adverse parties by first class mail, postage prepaid on this the 31st day of March, 2005, as follows:

Thomas J. Barrett, Esq.
314 Essex Street
Salem, Massachusetts 01970

                                    */s/ Matthew J. Walko*
                                    Matthew J. Walko
                                    BBO. No. 562172