UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| THE GREAT HILL COOPERATIVE HOMEOWNERS CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL SPRINKLER COMPANY,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 04-12455-RWZ<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT' CENTRAL SPRINKLER'S MOTION FOR REFERRAL TO MEDIATION AND/OR SETTLEMENT CONFERENCE OR TO DISMISS

The defendant Central Sprinkler Company ("Central Sprinkler") moves the Court pursuant to Federal Rules of Civil Procedure 6(b), 16(b), 16(f) and 41(b) and Local Rules 16.4 and 40.3 to refer this case to mediation and/or a settlement conference at which representatives of the parties with full settlement authority are required to appear, to extend the deadline by which the parties are required to submit the Joint Pre-Trial Memorandum and postpone the Pre-Trial Conference until after the mediation or settlement conference has concluded, or in the alternative to dismiss the complaint for the failure of the plaintiff to cooperate in the preparation of the pretrial memorandum as required by Local Rules of this Court. In support of its motion, Central Sprinkler states as follows:

1. At the Initial Scheduling Conference, as reflected in the Local Rule 16.1 Joint Statement of the Parties, Central Sprinkler and the plaintiff The Great Hill Cooperative Homeowners Corporation ("The Co-Op") proposed a phased discovery plan with the first phase being dedicated to the discovery needed to fairly asses the case for mediation.

1936822v1

2. During this first phase The Co-Op conducted no discovery, failed to provide initial disclosures and did not respond to Central Sprinkler's document requests or interrogatories. In light of these failures but considering the inability of The Co-Op to provide a response to Central Sprinkler's March 18, 2005, written settlement proposal, this Court allowed Central Sprinkler's motion to extend by ninety days certain Phase I Scheduling Order deadlines and scheduled a status conference for August 3, 2005.

3. At the August 3, 2005, status conference at which The Co-Op's counsel was allowed to participate by phone, the Court asked "What do the plaintiffs want?" The Co-Op's counsel indicated that The Co-Op wanted Central Sprinkler to replace all Central Sprinkler heads in its buildings using a properly insured contractor and for Central Sprinkler to pay for those damages reflected by the invoices produced in The Co-Op's discovery responses, in the neighborhood of $30,000 (after allowing for set offs of prior payments made by Central Sprinkler). Counsel for Central Sprinkler responded that Central Sprinkler already had offered to replace its heads through its Voluntary Replacement Program ("VRP"), which would be done through a properly insured contractor, but had not previously been given a dollar demand so that which would need to be considered. As a result, the Court directed the parties to conduct a settlement conference, but indicated that the Court did not believe a mediator would be necessary as the parties were so close. The Court also directed that absent settlement, all discovery would have to be concluded by December 31, 2005, and scheduled the Pre-Trial Conference for January 11, 2006.

4. On August 19, 2005, counsel for the parties conducted the settlement conference as directed, but counsel for The Co-Op became concerned that replacement of the sprinkler heads and a compromise payment for water damaged property would not satisfy his client who did not have enough knowledge about design specifics of its own system to properly evaluate Central

1936822v1

Sprinkler's offer. The parties then embarked upon arranging for another inspection of the premises by an independent sprinkler system contractor, FireGuard Automatic Sprinkler Company Inc., to get a better estimate of the number of Central Sprinkler heads on the property and to evaluate some other matters. After repeated delays due to the inability of The Co-Op's counsel and FireGuard personnel to find a mutually agreeable date, the FireGuard inspection took place on November 3, 2005. Unfortunately, because of an apparent communication mix up about what the inspection was to accomplish, The Co-Op still had questions about the design of its sprinkler system, such as whether expansion chambers had ever been installed in the sprinkler system. These unanswered questions hindered The Co-Op's ability to meaningfully evaluate various settlement proposals.

5. Central Sprinkler and The Co-Op continued their settlement discussions; but as the discovery cut-off approached, the parties jointly sought a continuance of the discovery schedule and the January Pre Trial Conference date in order to allow additional time for The Co-Op to obtain the desired information about the needed system repairs and the cost of those repairs so further settlement discussion might be had and this matter resolved. As a result, the parties moved to extend the Phase II discovery deadline until March 31, 2006, which this Court allowed by order of January 6, 2006, indicating no further extensions. At the same time the Court rescheduled the January Pre-Trial Conference to April 5, 2006.

6. Central Sprinkler has offered and remains willing to replace the sprinkler heads existing at The Co-Op's facilities affected by and included in Central Sprinkler's Voluntary Replacement Program. An inventory of those affected heads has been made, and Central Sprinkler has fully advised counsel for The Co-Op regarding the available options under the VRP.

7. The primary impediment to final settlement, however, involves issues beyond the control of Central Sprinkler. The automatic fire sprinkler system at The Co-Op suffers from design and maintenance problems stemming from, among many other things, a failure to include expansion chambers in the original system design. These design and maintenance problems are not the responsibility of Central Sprinkler, who is a manufacturer and supplier of the sprinkler heads, not an automatic fire sprinkler system designer, installer, or inspection/maintenance provider. Moreover, there is no dispute as to Central Sprinkler's limited responsibility.

8. Counsel for The Co-Op has indicated the impediment to settlement is The Co-Op's lack of understanding of the system problems and lack of information as to how much money it will take to correct these problems. In other words, The Co-Op is claiming an inability to further discuss the offers of settlement Central Sprinkler has made, and remains willing to make, to replace the sprinkler heads as noted above until The Co-OP can place Central Sprinkler's offer in the context of the overall financial picture of the system repairs.

9. Central Sprinkler has been waiting for The Co-Op to obtain information about needed system-wide repairs and the costs of those repairs. Moreover, with each succeeding contact with counsel for The Co-Op, the settlement target moves farther and farther from Central Sprinkler's alleged liability into areas of potential liability of non-parties (for example, that Central Sprinkler should pay to install the necessary expansion chambers). Presumably, this stems from the fact The Co-Op still has not cured its lack of understanding of the system problems and lack of knowledge regarding the necessary repairs and the cost of such repairs.

10. Central Sprinkler has offered on several occasions to sit down, face-to-face, with its counsel as well as a company representative to attempt to answer questions about the VRP, about the logistics of achieving such repairs, and to assist in an understanding of information The Co-

1936822v1

Op has obtained regarding the problems with its automatic fire suppression system. To date, although recognized as a "good idea," The Co-Op has not accepted or joined Central Sprinkler's efforts to focus the parties toward a final resolution of this matter.

11. At this time, we are again at the end of the scheduled discovery period and facing the Pre-Trial Conference. Counsel spoke over the telephone several weeks ago about continuing settlement negotiations and the obligations of the parties to comply with the Local Rules and prepare the Joint Pre-Trial Conference Memorandum. Counsel again spoke over the telephone last week on these same issues. In each instance, counsel for The Co-Op indicated that his client was still interested in pursuing settlement. Since last week, counsel for Central Sprinkler has left several telephone and email messages with counsel for The Co-Op but those telephone and email messages have not been returned. Given the positive efforts toward resolution and the reasonable likelihood that this matter can reach a negotiated resolution if appropriate focus and attention is given to such an objective, Central Sprinkler has deferred the expenditure of time, money, and resources it would have to have spent to take deposition discovery, prepare expert reports and disclosures, create the proposed Pre Trial Conference Memorandum and other pre-trial filings that otherwise would have completed long ago, but for the anticipated resolution of this matter. Although Central Sprinkler has served additional written discovery to The Co-Op which remains unanswered and has pursued third-party discovery through records subpoenas relative to the automatic fire sprinkler system in place at The Co-Op, an investment in the other needed discovery and pre-trial preparation would necessarily take away from the funds available for resolution of the case and reduce the incentive to resolve the case before those expenses are incurred.

12. Central Sprinkler believes this matter could be resolved if the proposed personal, face-to-face meeting with counsel and appropriate representatives with full authority for each party were to occur. Central Sprinkler remains willing to participate in good faith in such a meeting to bring this matter to resolution, recognizing, of course, that the lawsuit seeks damages from Central Sprinkler, but as the manufacture and supplier of sprinkler heads, it is not responsible for nor liable for the deficiencies in design and maintenance that exist in the system.

## CONCLUSION

In light of the above and for good cause shown, Central Sprinkler respectfully requests that the Court refer the parties to a mediation and/or a settlement conference to take place on or before April 28, 2006, and order that each party attend the mediation and/or settlement conference with counsel and the necessary representative(s) with full settlement authority to bring the matter to resolution and that the Pre-Trial Conference currently scheduled for April 5, 2006, and the deadline for submitting the Joint Pre-Trial Memorandum be postponed until after the mediation or settlement conference. Alternatively, Central Sprinkler respectfully requests the Court dismiss this action for The Co-Op's evident refusal or inability to confer with Central Sprinkler to prepare the Joint Pre-Trial Memorandum as required by Local Rule 16.5(D) or otherwise meaningfully participate in the prosecution or resolution of this case.

RESPECTFULLY SUBMITTED,

CENTRAL SPRINKLER COMPANY
by its attorneys,

*/s/ Paul A. Williams*
Paul A. Williams
admitted *pro hac vice* L.R. 83.5.3
SHOOK, HARDY & BACON, LLP
2555 Grand Blvd.
Kansas City, Missouri 64108
(816) 559-2263

1936822v1

|  |  |
|---|---|
| Dated: March 30, 2006 | */s/ Matthew J. Walko*<br>Matthew J. Walko (BBO. No. 562172)<br>SMITH & DUGGAN LLP<br>Two Center Plaza, Suite 620<br>Boston, Massachusetts 02108-1906<br>(617) 228-4400 |

1936822v1

## Local Rule 7.1(A)(2) Certification

The undersigned certifies that he has conferred in good faith with counsel for The Co-Op by telephone in an attempt to resolve or reach agreement on the issues raised in this motion, that since that conference he has left several telephone and email messages with The Co-Op's counsel that have not been returned, and thus the parties have not been able to resolve the issues raised by this motion.

_____
Paul A. Williams

## Certificate of Service

The undersigned certifies that he has served a true copy of the foregoing by first class mail, postage prepaid upon counsel of record for the plaintiff:

Thomas J. Barrett, Esq.
314 Essex Street
Salem, MA 01970

on this 30th day of March, 2006.

_____
Paul A. Williams

1936822v1